ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| PATRICIA RIVERA POLANCO<br>Peticionaria Recurrente y<br><br>ADDY POLANCO VÁZQUEZ<br>Peticionaria Recurrida<br><br>v.<br><br>EX PARTE | KLCE202301424 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Número:<br>C EX2018-0132<br><br>Sobre:<br><br>Custodia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Comparece la parte peticionaria y recurrente, Patricia Rivera Polanco (en adelante, la peticionaria recurrente o la Sra. Rivera Polanco), mediante un recurso de *Certiorari* y una moción *Urgente Solicitud de Remedio en Auxilio de Jurisdicción* y nos solicita que revoquemos las órdenes dictadas el 11 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante el TPI). Mediante dichas órdenes no se concedió la solicitud de relaciones maternofiliales en Navidad presentada por la Sra. Rivera Polanco.

Por los fundamentos que expondremos a continuación, se expide la *Petición de Certiorari* y se revocan las determinaciones recurridas.

**I.**

El 6 de marzo de 2019, el foro primario aprobó la cesión de custodia provisional del menor EIRP, pactada por la peticionaria recurrente y su madre, la señora Addy Polanco Vázquez (en

Número Identificador
SEN2023 _____

adelante, la peticionaria recurrida o la Sra. Polanco Vázquez).[1] A la Sra. Polanco Vázquez se le adjudicó la custodia provisional con facultades tutelares para asuntos académicos, de salud, de cuido y para que representara al menor en cualquier agencia pública o privada como si tuviera patria potestad sobre este. La Sra. Rivera Polanco conservó la patria potestad de su hijo y la cesión de custodia era por tiempo indeterminado hasta que una de las partes declinara la autorización y lo expresara por escrito.[2]

El 17 de junio de 2020, mediante correo electrónico, la Sra. Rivera Polanco notificó el retiro de la autorización para la continuación de la custodia provisional del menor.[3] La Sra. Polanco Vázquez expresó tener reparo con entregar la custodia de su nieto de manera inmediata debido al estado emocional de su hija. Ante ello, la Sra. Polanco Vázquez solicitó al Tribunal que evaluara las circunstancias actuales de la Sra. Rivera Polanco, con el propósito de determinar si el mejor bienestar del menor estaría garantizado bajo su custodia. Solicitó al TPI que refiriera el caso a la Unidad Social de Relaciones de Familia y Menores (en adelante, Unidad Social) para que realizara un informe con recomendaciones específicas. Además, la Sra. Polanco Vázquez solicitó formalmente la custodia del menor EIRP, a lo cual se opuso la Sra. Rivera Polanco.

El 6 de noviembre de 2020, se ordenó a la Unidad Social que realizara una evaluación social forense.[4] Por otro lado, como resultado de la imposibilidad de las partes para llegar a un acuerdo sobre las relaciones maternofiliales, estas fueron determinadas por el TPI mediante *Resolución y Orden* de 24 de mayo de 2021.[5] El foro primario estableció relaciones materno filiales provisionales de

---

[1] Apéndice 2 de la *Petición de Certiorari,* a la pág. 4.
[2] Apéndice 1 de la *Petición de Certiorari,* a la pág. 2.
[3] Apéndice 3 de la *Petición de Certiorari,* a la pág. 13.
[4] Apéndice 6 de la *Petición de Certiorari,* a las págs. 58-59.
[5] Apéndice 8 de la *Petición de Certiorari,* a las págs. 63-67.

manera presencial, los fines de semanas alternos a partir de las 9:00 a.m. del sábado, recogiendo al menor en la residencia de la Sra. Polanco Vázquez y entregando al menor no más tarde de las 6:00 p.m. del domingo y en el mismo lugar, pernoctando el menor con la Sra. Rivera Polanco. Este plan materno filial estaría en vigor hasta que otra cosa dictaminara el tribunal.

El *Informe Social Forense* fue presentado el 20 de abril de 2022. El 2 de mayo de 2022, el tribunal ordenó que se notificara este inmediatamente a las partes.[6]

Durante el periodo navideño del año pasado, ante la solicitud de la Sra. Rivera Polanco de que se le ampliaran las relaciones materno filiales, el TPI celebró vista el 9 de diciembre de 2022. Luego de la vista, el 16 de diciembre de 2023, el foro primario dictó

---

[6] Apéndice 11 de la *Petición de Certiorari*, a las págs. 73-74. El *Informe Social Forense* fue anejado a la *Orden* y se encuentra en las págs. 75-94. Las recomendaciones contenidas en el mismo son las siguientes:

[…]

1. La custodia del menor sea ostentada por la abuela materna, Addy Polanco Vázquez.
2. Las relaciones materno filiales se lleven a cabo fines de semana[s] alternos de viernes a las 6:00 p.m. a domingo a las 6:00 p.m.
3. Durante los días festivos de navidad, el menor se relacionará con la madre del 24 de diciembre a las 5:00 p.m. hasta el 25 de diciembre a las 2:00 p.m. Del 1 de enero a la 1:00 p.m. hasta el 2 de enero [sic.] a las 5:00 p.m. y el 6 de enero de 1:00p.m. al 7 de enero a las 5:00 p.m.
4. El día de las madres[,] el menor se relacionará con su madre de 10:00 a.m. a 6:00 p.m., esto de no coincidir con las relaciones materno filiales.
5. En las vacaciones de verano[,] el menor se relacionará con su madre]un mes, junio o julio, y fines de semana[s] alterno[s] con su abuela materna.
6. Las relaciones mediante video llamadas continúen según lo establecido por el Tribunal.
7. Se le informe a la Sra. Patricia Polanco sobre los aspectos académicos, salud, actividades extracurriculares, deportes, citas, y se involucre en todos los asuntos de su hijo.
8. La terapia familiar entre madre e hijo continúen hasta que el Dr. Adolfo Ruiz lo determine.
9. Se oriente a las partes sobre las mejores prácticas de crianza libre de enajenación parental.
10. Las partes reciban terapias psicológicas individual con el propósito de manejo de emociones, comunicación asertiva, experiencias de vida. Además, promover la expresión de sentimientos asociados a las experiencias de vida: manejo de emociones, estilos y solución para afrontar conflictos y estrategias para lograr comunicarse efectivamente.
11. Las partes reciban terapia familiar dirigida al manejo de sus diferencias, traumas del pasado y mejorar la comunicación por el bienestar del menor.
12. Ambas partes, el Señor Latorre y el Sr. Miguel A. Rivera se beneficien de talleres psicoeducativos enfocados en maternidad y cuidado responsable-, prevención de maltrato a menores, entre otros con la finalidad de continuar fortaleciendo las capacidades protectoras.

*Resolución y Orden Enmendada*[7] en la cual dispuso del plan filial para el periodo navideño del año pasado de la siguiente manera:

> [...]
> 4. Durante las vacaciones del menor van a dividirse de la siguiente manera:
>
> ● El menor estará con la Sra. Addy Polanco Vázquez los días 16, 19, 20 y 21 de diciembre en la mañana; del 25 de diciembre en la tarde al 29 de diciembre de 2022 en la mañana; del 1ero de enero de 2023 en la tarde al 6 de enero en la tarde; y del 9 al 11 de enero de 2023.
>
> ● El menor estará con la Sra. Patricia Rivera Polanco del 17 de diciembre de 2022 en la mañana al 18 de diciembre en la tarde; del 21 de diciembre de 2022 en la mañana al 25 de diciembre en la tarde; del 29 de diciembre en la mañana al 1ero de enero de 2023 en la tarde; y del 6 de enero en la tarde al 8 de enero de 2023 en la tarde.
>
> > ► El 25 de diciembre de 2022, la Sra. Addy Polanco Vázquez recogerá al menor en casa de la Sra. Patricia Rivera Polanco, a las 3:00 p.m.
> > ► El 1 de enero de 2023, la Sra. Addy Polanco Vázquez recogerá al menor a las 6:00 p.m. en casa de la Sra. Patricia Rivera Polanco.
> > ► El 6 de enero de 2023[,] la Sra. Patricia Rivera Polanco recogerá al menor en la casa de la Sra. Addy Polanco Vázquez, a las 3:00 p.m.
>
> 5. Las partes deben evidenciar, mediante certificación de su patrono, que los días laborables que van a estar con el menor en sus vacaciones, o sea del 16 de diciembre de 2022 al 11 de enero de 2023, efectivamente estarán de vacaciones dedicándole todo el día al menor. Si trabaja por cuenta propia, debe someter declaración jurada al respecto donde, además, indique que en los días que le toca el menor no va a llevar a cabo ningún trabajo ni facturar ninguna hora por servicios a ningún cliente. El menor no puede dejarse al cuidado de un tercero. De no poder estar con el menor de vacaciones en las fechas que le corresponden deben cederlo a la otra parte.
>
> 6. En las fechas que le toque al menor con mamá lo recogerá en casa de la abuela.
>
> 7. En las fechas que le toque al menor con la abuela lo recogerá en casa de mamá.

Tras múltiples trámites procesales, y ante la solicitud de impugnación del *Informe Social Forense* el juicio en su fondo quedo pautado para el 25 de septiembre de 2023 y su culminación estaba

---

[7] Apéndice 16 de la *Petición de Certiorari,* a las págs. 111-115.

señalada para el 6 de octubre de 2023.[8] No obstante, la fecha pautada de conclusión del juicio en su fondo fue pospuesta en varias ocasiones por motivos de prórrogas solicitadas y por asuntos de salud del juez asignado al caso.[9] Como consecuencia de esto, el 6 de diciembre de 2023, la parte peticionaria recurrente presentó una *Urgente Moción Solicitando Relaciones Maternofiliales en Navidad* donde solicitó que se le autorizaran dos semanas para compartir con el menor del mes que este tiene de receso escolar por el periodo navideño.[10] El mismo día, la Sra. Polanco Vázquez presentó una réplica a dicha solicitud[11] y la Sra. Rivera Polanco presentó entonces una réplica a oposición el 11 de diciembre de 2023.[12] En cuanto a esta moción y las dos réplicas, el 11 de diciembre de 2023, el TPI determinó para cada una de ellas que: **"Ver *Orden* del 13 de noviembre de 2023".**[13] (Énfasis Suplido.)

Inconforme con los dictámenes, la Sra. Rivera Polanco acudió ante nos el 14 de diciembre de 2023 mediante *Urgente Solicitud de Remedio en Auxilio de Jurisdicción* y el presente recurso de *Petición de Certiorari,* en el cual señala que se cometieron los siguientes errores:

> **Primer señalamiento de error:** Erró el Honorable Tribunal y cometió un grave abuso de discreción al abstenerse de ejercer su deber *Parens Patriae* durante el juicio y no considerar si deben concederse remedios en beneficio al niño para que no se perjudique por el tiempo que ha tomado el juicio, particularmente, durante el periodo de Navidad.

> **Segundo señalamiento de error:** Erró el Honorable Tribunal y cometió un grave abuso de discreción al denegarle al niño relaciones maternofiliales en Navidad, ante la situación extraordinaria de la cancelación imprevista de seis señalamientos de juicio y la realidad de que el juicio no finalizará previo al periodo navideño.

---

[8] Apéndice II-1 de la *Petición de Certiorari,* a la pág. 196.
[9] Apéndice 26 y 27 *Petición de Certiorari,* a las págs. 177-178. Las fechas canceladas de juicio fueron el 10, 14, y 30 de noviembre de 2023 y el 1, 5 y 8 de diciembre de 2023.
[10] Apéndice 28 de la *Petición de Certiorari,* a las págs. 179-180.
[11] Apéndice 29 de la *Petición de Certiorari,* a las págs. 182-184.
[12] Apéndice 30 de la *Petición de Certiorari,* a las págs. 185-192.
[13] Apéndices 31-32 de la *Petición de Certiorari,* a las págs. 193-195. La *Orden* dictada el 13 de noviembre de 2023 expresa: **"En pleno juicio el tribunal no va a variar el estado de derecho actual en cuanto a las relaciones materno filiales".**

El 15 de diciembre de 2023, mediante *Resolución* esta curia le concedió a la parte recurrida hasta el 18 de diciembre de 2023 en o antes de las 4:00 p.m. para expresar su oposición al recurso. La parte recurrida compareció mediante *Escrito en Cumplimiento de Orden* oponiéndose a la expedición del auto de *certiorari*. Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del

Reglamento del Tribunal de Apelaciones, *supra.*

**B.**

De ordinario, los foros apelativos no debemos intervenir con las decisiones discrecionales que efectúa el Tribunal de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Trans-Oceanic Life Inc. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Lo anterior se asienta en el fundamento de que los tribunales revisores no deben sustituir su criterio por el del foro sentenciador, pues estos últimos tienen una amplia discreción en el manejo y administración de los casos que se ventilan ante ellos.

En múltiples ocasiones el Tribunal Supremo ha expresado "que la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 434. Por tal razón, los tribunales tienen la labor de aplicar al discernimiento judicial una forma de razonabilidad la cual resulte en una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 435; *IG Builders et al. v. BBVAPR,* supra, pág. 338. Esta norma cimentada sobre la base de la razonabilidad delimita el alcance de las funciones de revisión del Tribunal de Apelaciones, por lo que, si el foro primario se excede en el ejercicio de su discreción, el foro apelativo intervendrá. Véase, *Trans-Oceanic Life Inc. v. Oracle Corp.*, supra.

**C.**

El Artículo 456 del Código Civil de 2020, 31 LPRA sec. 6803, establece que el tribunal podrá modificar las medidas cautelares provisionales cuando se alteren sustancialmente las circunstancias que las originaron o cuando ya no sean adecuadas para atender el interés protegido. Específicamente, este Artículo dispone que.

"Las medidas cautelares provisionales solo pueden modificarse judicialmente cuando se alteran sustancialmente las circunstancias que las originaron o cuando ya no son adecuadas para atender el interés protegido."

Establecido lo anterior, y para concluir, conviene recordar aquí, que la institución de la patria potestad y las relaciones filiales son asuntos que están revestidos de un alto interés público y social, en beneficio, no sólo de los menores de edad, sino también del estado. *Cintrón Román v. Jiménez Echevarría*, 2023 TSPR 59, 211 DPR ___ (2023); *Martínez v. McDougal*, 133 DPR 228, 231 (1993); *Guerra v. Ortiz*, 71 DPR 613, 623 (1950). Por ello, el Tribunal Supremo ha sido consecuente al sostener que, al adjudicar controversias relacionadas con menores, los tribunales deben guiarse por el principio de asegurar el bienestar y los mejores intereses de éstos. *Rexach v. Ramírez*, 162 DPR 130 (2004). Véase, además, *Candelario Vargas v. Muñiz Díaz*, 171 DPR 530 (2007); *Ferrer v. González*, 161 DPR 172 (2004).

Cuando los progenitores no logran llegar a un acuerdo respecto a ciertos aspectos que afectan directamente a los menores de edad, los tribunales, en protección de esos intereses y en el ejercicio del poder de *parens patriae*, tienen amplia facultad y discreción para adjudicar la controversia. *Cintrón Román v. Jiménez Echevarría*, supra. A esos fines, "deberá[n] considerar todos los factores que tenga[n] a su alcance para lograr la solución más justa". *Sterzinger v. Ramírez*, 116 DPR 762, 778 (1985). Véase, *Marrero Reyes v. García Ramírez*, 105 DPR 90, 105-106 (1976).

### III.

La parte aquí peticionaria nos alega que erró el foro primario y cometió un grave abuso de discreción al abstenerse de ejercer su deber de *parens patriae* y determinar si deben concederse remedios sobre las relaciones materno filiales en el periodo navideño en beneficio del menor ello en atención al tiempo que ha durado el

juicio. En específico arguyó la parte peticionaria que incidió el TPI y abuso de su discreción al no conceder relaciones maternofiliales para el periodo de navidad, ante la situación extraordinaria de la cancelación imprevista de seis (6) señalamientos de juicio y ante la realidad de que el juicio no finalizaría previo al periodo navideño.

En su escrito en cumplimiento de orden arguye la parte recurrida que las circunstancias del caso en este momento han variado, que el estado de derecho del caso no es el mismo que existía para el periodo navideño del año 2022-2023 y no se estaba ventilando el *Juicio de Impugnación de Informe Social Forense*. En específico la parte aquí recurrida argumentó que el cambio en las circunstancias del trámite judicial del caso justifica la determinación judicial de no intervenir con ningún aspecto sobre el cual se está desfilando prueba.

Como cuestión de umbral nos encontramos ante una solicitud de *certiorari* que se encuentra incluida entre las instancias que podemos atender en virtud de la Regla 52.1 de Procedimiento Civil, *supra*, por tratarse de un caso de relaciones de familia. Luego de evaluar los méritos de lo planteado por la parte peticionaria, así como la comparecencia de la parte recurrida, determinamos que procede la expedición del recurso de *certiorari* a la luz de los criterios que guían el ejercicio de nuestra facultad discrecional establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Examinado cuidadosamente el expediente del caso ante nuestra consideración, así como los escritos presentados por las partes, determinamos que el foro primario debió atender la solicitud de la parte peticionaria para que se evaluaran las relaciones maternofiliales solicitadas durante la temporada festiva, y por el contrario determinó que: **"[e]n pleno juicio el tribunal no va a variar el estado de derecho actual en cuanto a las relaciones**

**materno filiales**." Esta determinación no atendió en sus méritos lo solicitado por la parte aquí peticionaria, ante la situación causada por las múltiples cancelaciones de fechas de juicio en su fondo. El foro primario debió atender en sus méritos la solicitud planteada.

En virtud de lo anteriormente expresado, se expide el auto de *certiorari* solicitado, se revocan las *Órdenes* recurridas y se devuelve el caso al foro primario para que en el término de dos (2) días se atienda en sus méritos la solicitud de relaciones materno filiales presentada por la parte aquí peticionaria y a base de la prueba presentada determine si procede o no la petición de la parte peticionaria.

**IV.**

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari*, se revocan las órdenes recurridas y se devuelve el caso al TPI para que en el término de **dos (2) días** se adjudique en sus méritos la solicitud de relaciones materno filiales, para la época navideña, de la parte aquí peticionaria.

A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 35 (A) (1), el TPI puede continuar con los procedimientos sin tener que esperar por nuestro mandato.

**Notifíquese Inmediatamente mediante vía telefónica, y correo electrónico.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones